IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Linda M. Hewett,                              :

        Plaintiff              :       Case No. 2:07-cv-01038

v.                                            :       Judge Michael H. Watson

Michael J. Astrue,                            :
Commissioner of Social Security,
                                              :
        Defendant
                                              :

## ORDER

This matter is before the Court on defendant's August 21, 2008 objections to Magistrate Judge Abel's August 7, 2008 Report and Recommendation that this case be remanded to the Commissioner to obtain treatment records from the Marion Area Counseling Center and testimony from a medical expert about Hewett's mental impairments. The Court, having reviewed the record *de novo*, determines that defendant's objections are without merit.

Plaintiff Linda M. Hewett maintains that she became disabled at age 48, by bipolar disorder, Hashimoto's disease, and gastrointestinal problems. The administrative law judge determined that physically Hewett retained the ability to perform a reduced range of jobs having light exertional demands. Mentally she is limited to low stress work, without high production quotas or high levels of interpersonal interaction.

Defendant argues that the administrative law judge's decision is supported by substantial evidence and that she did not err in failing to obtain the services of a

medical expert. The Commissioner points out that the administrative law judge's residual functional capacity findings were more restrictive than those found by the State agency physicians who reviewed the medical record in mid-2003. Further, the Commissioner argues that there is no need to obtain the treatment records from the Marion Area Counseling Center, because there is virtually no documentary evidence that Dr. Desai saw Hewitt between September 2003 and February 2005.

The Report and Recommendation made the following findings:

> When an administrative law judge . . . finds that an individual's impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by any of the foregoing documents[1] signed by a State agency medical or psychological consultant. However, an administrative law judge . . . must obtain an updated medical opinion from a medical expert in the following circumstances:
>
> . . .
>
>> When additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency med-ical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Im-pairments.
>
> SSR 96-6p at 1996 WL 374180, * 3-4 (footnote omitted).
> Here, the administrative law judge stated that there was sufficient evidence in the record from which she could make a determination with respect to the severity of

---

[1]SSR96-6p provides in pertinent part: "The signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form) or SSA-832-U5 or SSA-833-U5 (Cessation or Continuance of Disability or Blindness) ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review. Other documents, including the Psychiatric Review Technique Form and various other documents on which medical and psychological consultants may record their findings, may also ensure that this opinion has been obtained at the first two levels of administrative review." SSR96-6p at 1996 WL 374180, * 3-4

> Hewett's mental impairment. The administrative law judge,
> however, rejected all the opinions of the treating, examining,
> and reviewing doctors. In effect, the administrative law judge
> acted as a medical expert by formulating a residual
> functional capacity without relying the opinion of any medical
> source in the record.
>
> The Commissioner argues that the substantial
> evidence supports the administrative law judge's decision
> because she adopted a mental residual functional capacity
> that was more restrictive than the State Agency physicians.
> Following their mid-2003 assessments, however, additional
> medical evidence suggested that plaintiff's condition may
> have worsened. For instance, a little over a year after
> Hewett was examined by Dr. McIntire, she attempted
> suicide. Further, Dr. Desai continued to treat Hewett and, in
> mid-2005 he made residual functional capacity evaluations
> based on that course of treatment. The administrative law
> judge should have sought an updated medical opinion
> because the State agency psychological consultant's finding
> that Hewett's impairment was not equivalent to any listed
> impairment could have changed based on the additional
> medical evidence accumulated after their review of the
> record.

August 7, 2008 Report and Recommendation, pp. 24-26.

The Commissioner's argument that there is virtually no psychiatric evidence in the record since mid-2003, is not supported by the record. Dr. McIntyre examined Hewitt in May 2003. In November 2004, Hewett attempted suicide. (R. 352-65.) The Magistrate Judge summarized Hewitt's treatment with Dr. Desai durging 2005:

> On March 9, 2005, Hewett was feeling pretty good. Her mood was
> mildly anxious, and her affect was appropriate. She was coping with
> stressors. She denied suicidal thoughts. (R. 445.) But on May 4, 2005,
> Hewett was depressed and tearful. She had multiple medical problems
> and there had been no decision on her application for social security
> disability benefits. Plaintiff agreed she had vegetative symptoms. She
> was not suicidal. Dr. Desai increased the doses of Hewett's psychoactive
> medications. She was directed to call Dr. Desai or go to the emergency
> room if her symptoms worsened. (R. 444.) On June 1, 2005, Hewett was
> feeling better. She was coping better with stressors. Hewett was to see

3

Dr. Desai again in six weeks for supportive therapy and medication management. (R. 443.)

August 7, 2008 Report and Recommendation, pp. 15. Hewett apparently made another suicide attempt in late 2006 and sought treatment at the North Central Mental Health Services. (R. 588.)

While it is true that the Commissioner is ultimately responsible for determining a claimant's residual functional capacity, 20 C.F.R. § 404.1527(e)(2)-(3); Social Security Ruling 96-5p, an administrative law judge is not free to dismiss without reason a long-time treating doctor's residual functional capacity opinions. Further, an administrative law judge's s residual functional capacity findings must be base upon the record as a whole. Here the administrative law judge did not give adequate consideration to the evidence of psychiatric disability after mid -2003.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. This case is **REMANDED** to the Commissioner for the administrative law judge to obtain the complete records of Hewett's treatment at the Marion Area Counseling Center testimony and to secure the services of a medical expert pertaining to assist her in evaluating Hewett's mental impairments.

Michael H. Watson, Judge
United States District Court

4